# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1572V

|  |  |
|---|---|
| RAQUEL HERNANDEZ,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: July 21, 2023 |

*John Leonard Shipley*, Davis, CA, for Petitioner.

*Alexis B. Babcock*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On July 14, 2021, Raquel Hernandez filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered from Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine she received on September 19, 2019. Petition, ECF No. 1. On November 28, 2022, I issued a decision awarding damages to Petitioner, following briefing by the parties and a Motions day hearing. ECF No. 49.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $59,503.05 (representing $57,088.40 for fees and $2,414.65 for costs). Petitioner's Application for Attorneys' Fees and Costs ("Motion") filed June 6, 2023, ECF No. 48. In

---

[1] In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

accordance with General Order No. 9, Petitioner filed a signed statement indicating that Petitioner incurred no out-of-pocket expenses. ECF No. 54-1.

Respondent reacted to the motion on June 7, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 49. Petitioner filed a reply on June 7, 2023, indicating that Petitioner does not intend to file a substantive reply. ECF No. 50.

I have reviewed the billing records submitted with Petitioner's request. In my experience, the request appears reasonable, and I find no cause to reduce the requested hours or rates.

I note this case required additional briefing regarding the issue of damages. *See* Status Report, filed Sept. 19, 2022, ECF No. 32 (reporting an impasse on resolving damages); Petitioner's Brief Regarding Damages, filed Nov. 4, 2022, ECF No. 35; Hearing Minute Entry, dated Mar. 30, 2023. Petitioner's counsel expended approximately 14.70 hours drafting the brief regarding damages. Attachment to Motion at 14-15. I find this amount of time to be reasonable, especially given that this case involved a GBS injury.

Lastly, Petitioner has provided supporting documentation for all claimed costs and Respondent offered no specific objection to the rates or amounts sought. I have reviewed the requested costs and find them to be reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). I award a total of **$59,503.05 (representing $57,088.40 for fees and $2,414.65 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, John L. Shipley.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.